THANKFUL WEBSTER *v.* WELLS BAGGS.

Under the statutes of Rhode Island, which authorize and require the executor or administrator of a deceased party to a pending action at law, wherein the cause of action survives, to appear and further prosecute or defend the action, and also define the entry of a suit in court to be, the filing of the necessary papers in the case with the clerk and the payment to him of the entry fee on the first or second day of the term, a plea in abatement of an action, the declaration in which, following the writ, is in the name of a deceased plaintiff, "that, after the service of the writ, *and* before the filing *and* entering of the action in court, the plaintiff died, and an administrator was appointed and qualified to act for her estate," is bad upon demurrer; inasmuch, as it is consistent with the supposition, that the plaintiff may have died after the filing of the declaration, which then would properly be in her name, and before the entry of the action in court.

ASSUMPSIT upon twenty-two promissory notes, amounting, in all, to upwards of a thousand dollars, and made by the defendant payable to Thankful Webster.

Plea in abatement, "that the said Thankful Webster, at whose suit the said action is above supposed to be prosecuted against the said defendant, after the purchase and service of the said writ against the defendant, and before the time of filing and entering said action in this court, to wit, on the 30th day of January, A. D. 1859, at Providence aforesaid, did die; and that afterwards, to wit, on the 25th day of February, A. D., 1859, at Providence aforesaid, and before the time of filing and entering said action in this court, one Sprague Kenyon was lawfully appointed administrator upon the estate of the said Thankful Webster, and was, then and there, duly qualified according to law to act as such administrator; and this, &c."

General demurrer by the administrator of Thankful Webster, and joinder.

There was also filed, by Sprague Kenyon, the administrator of Thankful Webster, a motion to amend the declaration, so as, in apt words, and proper form, to set forth the fact that the suit was carried on by him in his said capacity.

*Payne & Colwell*, for the plaintiff.

In this case the death of the plaintiff is suggested, and a motion is filed to allow the administrator to prosecute the suit. The defendant pleads in abatement the death of the plaintiff, and the appointment of an administrator before the action was entered in court, to which plea the plaintiff demurs, and in support of the demurrer says, —

That said suit is upon promissory notes of the defendant, payable to Thankful Webster, and, therefore, the cause of action survives, and the administrator of Thankful Webster has power to prosecute said suit. Rev. Stats. 378, § 5; *Clendinin* v. *Allen*, 4 N. H. 385; *Moore* v. *Rand*, 1 Wis. 245; *Carmichael* v. *West Feliciana Railroad Co.* 2 How. (Miss.) 817.

*Ashley*, with whom was *Brownell*, for the defendant.

1. The plea sets forth the death of plaintiff, after service of writ and before the time for entering the action in court. By such death, the action, at common law, is abated. Gould's Pleading, p. 264, ch. 5, § 90; *Hatch* v. *Eustis*, 1 Gall. 162; *Greene* v. *Watkins*, 6 Wheat. R. 260, and 5 Cond. R. 87.

2. In this state, an executor or administrator, in case of the death of a party to the action or suit, and in case the cause of action survives, may prosecute or defend such action or suit from court to court. Rev. Stats. ch. 161, § 5, p. 378.

3. In order to prosecute a suit or action, a person must be a party to it, and an actor in it. An executor or administrator, then, in order to *prosecute* a suit or action, must appear upon the record as a *party*, for that purpose. *Hatch* v. *Eustis*, 1 Gall. 164; *Greene* v. *Watkins*, 6 Wheat. R. 260, and 5 Cond. R. 87, n.

4. After the death of a party to a suit, therefore, no step can be taken until the representative of the decedent has appeared as a party upon the record.

5. In this case it appears from the record, that the party plaintiff, and actor, died before declaration filed, and no one has appeared, as her representative, to prosecute the action.

6. The motion to amend ought not to be granted.

1st. The declaration is defective in substance, not in form merely.

2d. It is not such a defect in substance that the court ought to allow its amendment.

(1) The original writ was served by attachment of real estate, which was as well discharged by the failure of the administrator to prosecute, as it would have been had the intestate lived and neglected to prosecute the action.

(2) It is sought by the proposed amendment to revive an action, which has been abated by the death of the plaintiff, through the introduction of a new party.

BRAYTON, J. The question to be here determined arises upon the demurrer to the defendant's plea in abatement, and is, whether the facts alleged in that plea are sufficient to sustain the judgment which the plea asks.

The only facts alleged in the plea, and, therefore, the only facts admitted by the demurrer are, that after the commencement of this suit, and before the time when the same was filed and entered in this court, the plaintiff died, viz.: on the 30th of January, 1859; and that, afterwards, on the 25th day of February, A. D., 1859, and before the time when the action was filed and entered in court, one Sprague Kenyon was lawfully appointed administrator on the estate of the said deceased plaintiff, and was duly qualified to act as such administrator.

If the question were to be determined by the rules of the common law, the last allegation of the appointment of an administrator would have been unnecessary. It would have been quite sufficient to have alleged the death of the plaintiff. By his death alone (though the right of action survived) the action would have become abated; and, upon the appointment of an administrator, he must have commenced a new action in his own name.

But this rule of the common law has been, in this state, modified by statute; and ch. 161, § 5, of the Revised Statutes, provides, that if, after the commencement of a suit in which the right of action survives, (as it does in this case,) and before final judgment thereon, the plaintiff or defendant shall happen to die, the executor or administrator of such deceased party shall have power to prosecute or defend any such action, and shall be obliged so to do, &c.

This provision does not contemplate that the suit shall abate by and upon the death of the party, but that the executor or administrator, who may become qualified to act, shall carry on the suit from the point where it may have been left by the deceased party, and that the action shall only be dismissed when it shall not have been prosecuted by such executor or administrator within a reasonable time after he becomes qualified to act. The succeeding section of this chapter provides, that if such executor or administrator shall fail in his duty in this respect, and shall neglect to appear and take upon himself the prosecution or defence of the suit, he may, by order of the court in which the suit is pending, be summoned to appear for that purpose, and being so summoned, it further provides, that whether he comes in in obedience to such summons or not, judgment may be rendered in such case, in the same manner as if he had been originally a party.

It should appear, therefore, from the plea, not only that the plaintiff has departed this life since the commencement of the suit, but further, that since her death an administrator has been duly appointed and qualified, but has neglected to prosecute the suit, as it is made his duty to do. All the facts necessary to sustain the judgment prayed for in this plea, should be clearly, certainly, and directly alleged. They are not to be implied from other expressions in the plea. The plea, in our judgment, is defective and insufficient in that it does not allege a failure by the administrator to prosecute the suit after the death of the plaintiff. Notwithstanding anything alleged in the plea, this suit may have been prosecuted by the administrator who interposes the demurrer to this plea, since his appointment and qualification as such.

The plea states, that Thankful Webster, the plaintiff, died after the service of the writ, and before the action was filed and entered in court. The statute prescribes what shall be such entry in court. It is, that all the necessary papers shall first be filed with the clerk, and in addition, that the entry fee shall be paid ; and it prescribes the time also when this entry is to be made, viz. : on the first or second day of the term, and afterwards, upon good cause shown, in the discretion of the court.

The statute also requires, that twelve days before the sitting of the court, and so twelve days before the time for entering the action in court, the declaration in the suit shall be filed in the clerk's office. For anything contained in the plea, it may be, that Thankful Webster, the plaintiff, in her lifetime, declared against the defendant in this suit, and filed the declaration in her lifetime in the clerk's office, according to the requisitions of the law, but that she died before the payment of the fees necessary for the entry of the action in court, and that the administrator, upon his appointment, proceeded to have the said action entered in court in the due prosecution of the suit, and in the further prosecution, has here filed his demurrer to this plea. This the statute not only authorizes, but requires the administrator to do. The facts alleged in the plea, clearly, do not warrant the judgment that the plea asks, that the writ and declaration be quashed, &c., and the plea must therefore be overruled, and judgment be entered, that the defendant answer over.